STATE OF NORTH CAROLINA v. RONALD EDWARD SIMMONS

No. 823SC1268

(Filed 1 November 1983)

Criminal Law § 138— conviction and sentence based on negotiated plea of guilty—no findings concerning sentence required

Where defendant pleaded guilty to and was convicted of five Class H felonies, since the sentence was imposed pursuant to a plea arrangement as to sentence, no findings as to aggravating and mitigating factors were required even though the sentence imposed differed from the presumptive term for the offenses. G.S. 15A-1340.4; G.S. 15A-1340.4(a) and (f); G.S. 14-1.1(a)(8); and G.S. 15A-1021 *et seq.*

APPEAL by defendant from *Friday, Judge.* Judgment entered 8 July 1982 in Superior Court, CRAVEN County. Heard in the Court of Appeals 20 September 1983.

Defendant was charged with the offenses of manufacturing cocaine, possession of cocaine with intent to sell or deliver, sale or delivery of cocaine, possession of LSD with intent to sell or deliver, and sale or delivery of LSD.

Defendant negotiated a plea arrangement or plea bargain with the State. The terms of the arrangement were that defendant would plead guilty to all of the offenses with which he was charged and the charges would be consolidated for sentencing with a "total exposure" of ten years imprisonment. The judge signed the Transcript of Plea, indicating the court's acceptance of the arrangement.

At the sentencing hearing, the judge found two aggravating factors: (1) that the offenses were committed for hire or pecuniary gain, and (2) that defendant knowingly created a great risk of death to more than one person by means of a weapon or device which would normally be hazardous to the lives of more than one person. No mitigating factors were found. The judge found that the aggravating factors outweighed the mitigating factors and that they were proven by a preponderance of the evidence. The judge imposed a sentence of ten years and defendant appealed.

*Attorney General Edmisten, by Special Deputy Attorney General Daniel C. Oakley, for the State.*

*Marc D. Towler, Assistant Appellate Defender, for defendant appellant.*

EAGLES, Judge.

Defendant excepts to and assigns as error the judge's finding of the above-enumerated aggravating factors.

We need not consider these assignments of error nor the arguments advanced by defendant in support of them. The record in this case establishes, and both briefs concede, that defendant's conviction and sentence were based on a negotiated plea of guilty to the offenses charged.

Under our scheme of presumptive sentencing, a judge who imposes a prison term for a certain offense must impose the presumptive term for that offense. G.S. 15A-1340.4. If he imposes a term that differs from the presumptive term, he must justify the term imposed in terms of aggravating or mitigating factors and make appropriate written findings. G.S. 15A-1340.4(a). These requirements apply in all cases involving Fair Sentencing Act felonies, G.S. 14-1.1, "unless [the judge] imposes a prison term pursuant to [any/a] plea arrangement as to sentence under Article 58 . . . ." G.S. 15A-1340.4(a).

Here, the defendant pleaded guilty to and was convicted of five class H felonies, each carrying a presumptive term of three years imprisonment and a maximum term of ten years imprisonment. G.S. 15A-1340.4(f); G.S. 14-1.1(a)(8). The charges were consolidated for sentencing and defendant was sentenced to ten years imprisonment. The sentence imposed differs from the presumptive term for these offenses and the judge ordinarily would be required to make appropriate findings as to aggravating and mitigating factors. However, since the sentence was imposed pursuant to a plea arrangement with defendant, no findings are required. Our review of the record and the transcript of plea reveals no irregularities, and defendant has alleged none, that would remove the plea arrangement from the operation of Article 58 of Chapter 15A of the General Statutes. *See* G.S. 15A-1021 *et seq.* (relating to guilty pleas in Superior Court).

We hold that the judge's findings as to aggravating and mitigating factors regarding defendant's sentence may be disregarded as surplusage. The judgment and sentence are

Affirmed.

Judges ARNOLD and WELLS concur.