STATE v. WILLIAMS

[116 N.C. App. 354 (1994)]

---

STATE OF NORTH CAROLINA v. CHRISTOPHER LUKE WILLIAMS

No. 9318SC1182

(Filed 6 September 1994)

**Criminal Law § 1084 (NCI4th)— robbery—sentencing— greater than presumptive term—findings not required —no appeal as of right**

The defendant was not entitled to appeal as a matter of right and his appeal was dismissed where defendant had pled guilty pursuant to a plea arrangement in which his exposure would be limited to 40 years on condition that he testify truthfully if necessary against other defendants and the trial court imposed a sentence in excess of the presumptive term. Because defendant pled guilty, did not move to withdraw his guilty plea, and did not move to suppress evidence, he is entitled to appeal as a matter of right whether the evidence supported the sentence only if the prison term exceeds the presumptive and the trial court was required to make findings as to aggravating or mitigating factors. The trial court need not make findings as to aggravating or mitigating factors if it imposes a prison term pursuant to any plea arrangement as to sentence, and defendant's guilty plea limiting exposure to 40 years amounts to a plea arrangement as to sentence. N.C.G.S. § 15A-979(b).

**Am Jur 2d, Appeal and Error § 271; Criminal Law §§ 598, 599.**

Appeal by defendant from judgment entered 23 April 1992 by Judge James M. Webb in Guilford County Superior Court. Heard in the Court of Appeals 25 July 1994.

Defendant was charged with robbery with a dangerous weapon in violation of N.C. Gen. Stat. § 14-87 and conspiracy to commit robbery. Defendant pled guilty to the charges pursuant to a plea arrangement with the State. The terms of the arrangement were that defendant would plead guilty and that the charges would be consolidated for sentencing with his "exposure . . . limited to 40 years" on condition that he testify truthfully if necessary against other defendants.

At the sentencing hearing, the trial court found as an aggravating factor that defendant had a prior conviction or convictions for criminal offenses punishable by more than sixty days confinement. The trial court found as mitigating factors that defendant aided in the apprehension of another felon and that he voluntarily acknowledged wrongdoing at an early stage in the criminal process. The trial court found that the aggravating factor outweighed the mitigating factors and imposed a prison sentence of eighteen years for the consolidated offenses. Defendant appeals.

*Attorney General Michael F. Easley, by Associate Attorney General Jill A. Bryan, for the State.*

*Geoffrey C. Mangum for defendant-appellant.*

LEWIS, Judge.

Defendant presents four questions on appeal concerning his sentencing. Because defendant was not entitled to appellate review as a matter of right, we dismiss his appeal.

N.C. Gen. Stat. § 15A-1444(e) (1988) provides in pertinent part:

Except as provided in subsection (a1) of this section and G.S. 15A-979, and except when a motion to withdraw a plea of guilty or no contest has been denied, the defendant is not entitled to appellate review as a matter of right when he has entered a plea of guilty or no contest to a criminal charge in the superior court, but he may petition the appellate division for review by writ of certiorari.

N.C. Gen. Stat. § 15A-1444(a1) provides in pertinent part:

A defendant who has been found guilty, or entered a plea of guilty or no contest to a felony, is entitled to appeal as a matter of

right the issue of whether his sentence is supported by evidence introduced at the trial and sentencing hearing only if the prison term of the sentence exceeds the presumptive term set by G.S. 15A-1340.4, and if the judge was required to make findings as to aggravating or mitigating factors pursuant to this Article.

N.C. Gen. Stat. § 15A-979(b) (1988) provides that "[a]n order finally denying a motion to suppress evidence may be reviewed upon an appeal from a judgment of conviction, including a judgment entered upon a plea of guilty."

In this case, defendant pled guilty. He did not move to withdraw his guilty plea nor did he move to suppress evidence. Therefore, he is entitled to appeal as a matter of right whether his sentence is supported by evidence introduced at his sentencing hearing only if (1) the prison term of his sentence exceeds the presumptive term set by N.C. Gen. Stat. § 15A-1340.4 (1988) and (2) the trial court was required to make findings as to aggravating or mitigating factors.

If the trial court imposes a prison term different from the presumptive, it must ordinarily make appropriate findings as to aggravating or mitigating factors. N.C. Gen. Stat. § 15A-1340.4(b). However, the trial court need not make findings as to aggravating or mitigating factors if it "imposes a prison term pursuant to any plea arrangement as to sentence." *Id.*

Here, defendant's eighteen-year prison sentence is in excess of the combined presumptive terms of the offenses and would ordinarily require the trial court to make findings as to aggravating and mitigating factors. *See State v. Kamtsiklis*, 94 N.C. App. 250, 380 S.E.2d 400, *appeal dismissed and disc. review denied*, 325 N.C. 711, 388 S.E.2d 466 (1989). However, defendant pled guilty pursuant to a plea arrangement which provided "exposure . . . limited to 40 years," and the arrangement amounts to a plea arrangement "as to sentence." *See State v. Simmons*, 64 N.C. App. 727, 308 S.E.2d 95 (1983), *disc. review denied*, 310 N.C. 310, 312 S.E.2d 654 (1984). Therefore, the trial court was not required to make finding as to aggravating or mitigating factors. The findings made by the trial court may be disregarded as surplusage. *See Simmons*, 64 N.C. App. 727, 308 S.E.2d 95.

Because the trial court was not required to make findings as to aggravating or mitigating factors, defendant was not entitled to appeal as a matter of right. His appeal must be dismissed.

**STATE v. WILLIAMS**

[116 N.C. App. 354 (1994)]

Appeal dismissed.

Judges EAGLES and ORR concur.