447 S.E.2d 799 (1994)
STATE of North Carolina
v.
Cannady M. WASHINGTON.
No. 9314SC1244.
Court of Appeals of North Carolina.
September 6, 1994.
*800 Atty. Gen. Michael F. Easley by Asst. Atty. Gen. Richard L. Griffin, Asheville, for state.
Toni I. Monroe, Durham, for defendant-appellant.
LEWIS, Judge.
In April 1989, defendant was indicted for first-degree arson and conspiracy to commit arson. In August 1989, defendant pled guilty pursuant to a plea arrangement as to sentence to the conspiracy charge and to second-degree arson. Among the terms of the plea arrangement were that the charges would be consolidated for judgment and that the maximum sentence imposed would be thirty years. The evidence offered in support of the plea showed that on 25 February 1989, defendant and another man threw a "Molotov cocktail" into the occupied apartment of a woman whose friend had sold them baking soda instead of cocaine as represented. A sentencing hearing was held on 14 November 1989 at which evidence was presented concerning aggravating and mitigating factors. The court found certain aggravating and mitigating factors to exist, entered judgment in accordance with the guilty plea, and sentenced defendant to a thirty year term of imprisonment. From the judgment entered, defendant gave notice of appeal.
Before proceeding further, we note that defendant was not entitled to appeal as a matter of right from the judgment entered upon his guilty plea. See N.C.Gen.Stat. § 15A-1444(e) (1988); State v. Hawkins, 110 N.C.App. 837, 431 S.E.2d 503, petition for disc. review dismissed, 334 N.C. 624, 435 S.E.2d 345 (1993). N.C.Gen.Stat. § 15A-1444(e) provides in pertinent part that:
Except as provided in subsection (a1) of this section and G.S. 15A-979, and except when a motion to withdraw a plea of guilty or no contest has been denied, the defendant is not entitled to appellate review as a matter of right when he has entered a plea of guilty or no contest to a criminal charge in the superior court, but he may petition the appellate division for review by writ of certiorari.
Defendant is not contesting the denial of a motion to suppress so as to trigger application of N.C.Gen.Stat. § 15A-979 (1988), nor has he moved to withdraw his guilty plea.
Subsection (a1) of N.C.Gen.Stat. § 15A-1444 provides:
A defendant who has ... entered a plea of guilty ... to a felony, is entitled to appeal as a matter of right the issue of whether his sentence is supported by evidence introduced at the ... sentencing hearing only if the prison term of the sentence exceeds the presumptive term set by G.S. 15A-1340.4, and if the judge was required to make findings as to aggravating or mitigating factors pursuant to this Article. Otherwise, he is not entitled to appeal this issue as a matter of right but may petition the appellate division for review of this issue by writ of certiorari. *801 (Emphasis added). The term imposed in the present case exceeds the total of the presumptive terms for the offenses consolidated; however, the trial court was not required to make findings of aggravating and mitigating factors because the term was imposed pursuant to a plea arrangement as to sentence. See N.C.Gen.Stat. § 15A-1340.4(b) (1988) ("[A] judge need not make any findings regarding aggravating and mitigating factors if he imposes a prison term pursuant to any plea arrangement as to sentence...."). An arrangement under which the parties agree upon a maximum sentence or a cap on the sentence to be imposed is a plea arrangement as to sentence within the meaning of N.C.Gen.Stat. § 15A-1340.4(b). See State v. Hoover, 89 N.C.App. 199, 365 S.E.2d 920, cert. denied, 323 N.C. 177, 373 S.E.2d 118 (1988); State v. Simmons, 64 N.C.App. 727, 308 S.E.2d 95 (1983), disc. review denied, 310 N.C. 310, 312 S.E.2d 654 (1984). Furthermore, where, as here, the sentencing court makes findings of aggravating and mitigating factors even though it is not required to do so, the findings made may be disregarded as mere surplusage. Simmons, 64 N.C.App. 727, 308 S.E.2d 95. Since the court here was not required to make findings of aggravating and mitigating factors to support the sentence imposed, defendant had no appeal as of right pursuant to N.C.Gen.Stat. § 15A-1444(a1).
Throughout the history of this case, counsel for defendant and counsel for the State have failed to recognize that defendant had no right to a direct appeal from the judgment entered upon his guilty plea. After filing notice of appeal on defendant's behalf, defendant's original appellate counsel failed to do anything further towards perfecting the appeal. After repeated efforts to ascertain the status of his appeal, defendant was appointed new appellate counsel on 4 December 1992, over three years after notice of appeal was given. After perfecting the appeal, counsel for defendant filed an Anders brief on defendant's behalf with this Court on 18 May 1993. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, reh'g denied, 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377 (1967). The State moved to dismiss the appeal based on its untimeliness. On 1 June 1993, this Court allowed the motion and dismissed the appeal without prejudice to defendant's right to file a petition for writ of certiorari.
On 15 June 1993, defendant filed a petition with this Court seeking a writ of certiorari to review the judgment entered upon his guilty plea. Defendant argued the petition should be allowed because he had lost his right to a direct appeal through no fault of his own but instead due to the neglect of his original appellate counsel. Defendant did not address the merit, if any, of his appeal. Given that defendant had no right of appeal in the first instance and had shown no merit to the appeal he wished to bring pursuant to the writ requested, this Court denied the petition.
Defendant gave notice of appeal from the order of this Court denying his petition for writ of certiorari and petitioned the Supreme Court for discretionary review. Once again, defendant argued that he had been wrongfully denied his right to appellate review of the judgment entered upon his guilty plea through no fault of his own but instead due to the neglect of his original appellate counsel. By order filed 17 September 1993, the Supreme Court treated defendant's petition as one for a writ of certiorari and allowed the petition "for the sole purpose of remanding to Court of Appeals for consideration of the merits." 435 S.E.2d 349. In accordance with this mandate, this Court then rescinded its order denying defendant's petition for writ of certiorari and allowed the petition.
In the present appeal brought pursuant to the writ of certiorari, counsel for defendant once again has filed an Anders brief on defendant's behalf. Counsel states that she has been unable to identify an issue with sufficient merit to support a meaningful argument for relief on appeal and asks that this Court conduct its own review for possible prejudicial error. Counsel has also filed documentation with this Court showing that she has complied with the requirements of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, and State v. Kinch, 314 N.C. 99, 331 S.E.2d 665 (1985).
*802 In accordance with Anders, we have fully examined the record to determine whether any issues of arguable merit appear therefrom or whether the appeal is wholly frivolous. We conclude the appeal is wholly frivolous. Furthermore, we have examined the record for possible prejudicial error and have found none. To assist this Court with its review of the record, counsel has addressed defendant's four assignments of error, which counsel consolidates into two arguments. Particularly given the Supreme Court's direction that we consider the "merits" of this appeal, we shall review the arguable merit of defendant's assignments of error.
By his first two assignments of error, defendant contends the trial court erred by admitting certain evidence offered by the State to show his prior convictions, which convictions formed the basis for the sole aggravating factor found by the court. The evidence consisted of index cards and excerpts from a docket book, which were identified by a deputy courtroom clerk as a record of the disposition of criminal matters in Durham County. The State contends that any error in admission of this evidence was harmless since defendant admitted these prior convictions when he testified at the sentencing hearing. We agree there was no prejudicial error in admission of this evidence. Not only did defendant admit his prior convictions, the aggravating factor found may be disregarded as mere surplusage since the court was not required to make any findings of aggravating and mitigating factors. Simmons, 64 N.C.App. 727, 308 S.E.2d 95. Accordingly, we conclude that these two assignments of error are wholly frivolous.
By his next two assignments of error, defendant contends the trial court erred by failing to acknowledge and investigate a discrepancy between one of defendant's answers on his written transcript of plea and his response in open court. Question number thirteen on the transcript of plea asks, "[Other than the plea arrangement between you and the prosecutor] has anyone made any promises or threatened you in any way to cause you to enter this plea against your wishes?" Defendant answered "yes" on the written transcript of plea but answered "no" when asked this same question in open court. Defendant contends it was error for the court to fail to acknowledge and investigate this discrepancy in his answers. Defendant further claims, for the first time in his brief, that his counsel assured him before he tendered the plea that he would receive a sentence no greater than twelve years, the sentence received by his co-conspirator. Defendant acknowledges that there is nothing in the present record that supports this claim but nevertheless suggests that an evidentiary hearing would be appropriate to explore further the discrepancy between his answers and the assurances allegedly made by counsel.
We find no prejudicial error arising from the discrepancy in defendant's answer to the question posed or from the court's failure, ex mero motu, to investigate this discrepancy, and we conclude that these two assignments of error are also frivolous. The transcript shows the trial court made the inquiry required by N.C.Gen.Stat. § 15A-1022 (1988) and determined that the guilty plea was the product of defendant's informed choice and that there was a factual basis for the plea. Furthermore, by his answer given in open court, defendant indicated that no one had made any promises or threatened him in any way to induce the plea. As for defendant's unsubstantiated assertion in his brief that his counsel assured him he would receive a sentence no greater than twelve years, that assertion was not made the basis of a motion for appropriate relief and is not now properly before this Court.
In sum, we find no issues of arguable merit and no prejudicial error appearing from the record and conclude the appeal is wholly frivolous and should never have been pursued.
No error.
EAGLES and ORR, JJ., concur.