STATE OF NORTH CAROLINA v. SHIREE HAMBY

No. COA97-1263

(Filed 30 April 1998)

**Appeal and Error § 75 (NCI4th)— guilty plea—appeal following—dismissed**

　　An appeal from a plea bargain in which defendant was sentenced for assault with a deadly weapon inflicting serious injury was dismissed where defendant filed an *Anders* brief and had no right to appeal pursuant to N.C.G.S. § 15A-1444(e) because she had pled guilty, received the minimum sentence within the presumptive range for her prior record level and class of offense, and the record fails to show that the trial court denied a motion to suppress evidence prior to entry of the guilty plea or that the trial court denied a motion to withdraw the plea. Defendant could not have raised any of the issues enumerated in N.C.G.S. § 15A-1444(a2) because her admissions in her plea agreement mooted the issues of whether her prior record level was correctly determined, whether the type of sentence disposition was authorized, and whether the duration of her present sentence was authorized. If a defendant who has pled guilty does not raise the specific issues enumerated in N.C.G.S. § 15A-1444(a2) and does not otherwise have a right to appeal, his appeal should be dismissed; furthermore, if during plea negotiations the defendant essentially stipulated to matters that moot the issues he could have raised under that subsection, his appeal should be dismissed.

Appeal by defendant from judgment entered 29 April 1997 by Judge Abraham P. Jones in Alamance County Superior Court. Heard in the Court of Appeals 27 April 1998.

Defendant was charged with assault with a deadly weapon inflicting serious injury in violation of N.C. Gen. Stat. § 14-32(b) (1993) and four counts of intimidating witnesses in violation of N.C. Gen. Stat. § 14-226 (1993). On 29 April 1997, defendant pled guilty to assault with a deadly weapon inflicting serious injury pursuant to a plea agreement that specified as follows:

> Upon plea of guilty to Assault With Deadly Weapon Inflicting Serious Injury, State will dismiss 4 counts of Intimidating Witnesses. Charge is Class E felony and defendant has a record level of II. The defendant will receive a sentence of 29 mos. min.—44 mos. max. This is an I/A block and whether punishment is intermediate or active is in discretion of court.

The trial court sentenced defendant to a minimum of twenty-nine months and a maximum of forty-four months in prison. Defendant appeals.

*Attorney General Michael F. Easley, by Associate Attorney General Tina A. Krasner, for the State.*

*Robert J. Jacobs for defendant appellant.*

ARNOLD, Chief Judge.

Defendant's counsel has noted no assignments of error in the record and brings forward no issues in the brief. He states that he "is unable to find a statutory basis for the appeal," and asks this Court to review the record for any errors.

By letter dated 13 September 1997, defendant's counsel informed defendant that he had "not been able to find a basis" for her appeal and that defendant could file her own "brief" in this Court if she so desired. Copies of the transcript and the proposed record on appeal were sent to defendant. Defendant has filed no arguments in this Court.

We hold that defendant's counsel has fully complied with the holdings in *Anders v. California*, 386 U.S. 738, 18 L. Ed. 2d 493, *reh'g denied*, 388 U.S. 924, 18 L. Ed. 2d 1377 (1967), and *State v. Kinch*, 314 N.C. 99, 331 S.E.2d 665 (1985). Pursuant to *Anders* and *Kinch*, we

must determine from a full examination of all the proceedings whether the appeal is wholly frivolous. However, we first address whether defendant was entitled to appellate review as a matter of right.

N.C. Gen. Stat. § 15A-1444(e) (Cum. Supp. 1996), in effect at the time the offense in this case was committed, provided that a defendant is not entitled to appellate review as a matter of right when he or she has pled guilty to a criminal charge in superior court except in limited circumstances. Those circumstances include when the minimum sentence of imprisonment does not fall within the presumptive range for the defendant's prior record level and class of offense, *see* N.C. Gen. Stat. § 15A-1444(a1) (Cum. Supp. 1996); when a motion to suppress evidence has been denied prior to entry of the guilty plea, *see* N.C. Gen. Stat. § 15A-979(b) (1988); or when a motion to withdraw a guilty plea has been denied.

In this case, defendant pled guilty, and the trial court sentenced her to a minimum sentence of imprisonment within the presumptive range for her prior record level and class of offense. The record fails to show that the trial court denied a motion to suppress evidence prior to entry of the guilty plea or that the trial court denied a motion to withdraw the guilty plea. Pursuant to N.C. Gen. Stat. § 15A-1444(e) (Cum. Supp. 1996) it therefore appears defendant had no right to appeal. *See State v. Williams*, 116 N.C. App. 354, 447 S.E.2d 437 (dismissing the defendant's appeal where subsection (a1), as then written, did not apply and where the defendant did not move to suppress evidence or to withdraw his guilty plea), *disc. review denied*, 338 N.C. 523, 452 S.E.2d 823 (1994).

When the General Assembly enacted Structured Sentencing in 1993, it expanded a defendant's right to appeal when he has pled guilty by adding a new subsection. N.C. Gen. Stat. § 15A-1444(a2) (Cum. Supp. 1996), in effect at the time the offense in this case was committed, provided as follows:

A defendant who has entered a plea of guilty or no contest to a felony or misdemeanor in superior court is entitled to appeal as a matter of right the issue of whether the sentence imposed:

(1) Results from an incorrect finding of the defendant's prior record level under G.S. 15A-1340.14 or the defendant's prior conviction level under G.S. 15A-1340.21;

(2) Contains a type of sentence disposition that is not authorized by G.S. 15A-1340.17 or G.S. 15A-1340.23 for the defendant's class of offense and prior record or conviction level; or

(3) Contains a term of imprisonment that is for a duration not authorized by G.S. 15A-1340.17 or G.S. 15A-1340.23 for the defendant's class of offense and prior record or conviction level.

*See also* N.C. Gen. Stat. § 15A-1444(e) (1997) (providing now as an exception to the general rule that a defendant is entitled to appellate review as a matter of right pursuant to subsection (a2) in addition to subsection (a1)).

A plain reading of this subsection indicates that the issues set out may be raised on appeal by *any* defendant who has pled guilty to a felony or misdemeanor in superior court. However, we believe the right to appeal granted by this subsection is not without limitations.

If a defendant who has pled guilty does not raise the specific issues enumerated in subsection (a2) and does not otherwise have a right to appeal, his appeal should be dismissed. *See State v. Golden*, 96 N.C. App. 249, 385 S.E.2d 346 (1989) (holding that since the statute does not provide for appeal of issues related to a motion to dismiss after entry of a guilty plea, the defendant who raised only that issue had no right to appeal). Furthermore, if during plea negotiations the defendant essentially stipulated to matters that moot the issues he could have raised under subsection (a2), his appeal should be dismissed. *See State v. Simmons*, 64 N.C. App. 727, 308 S.E.2d 95 (1983) (holding that under subsection (a1), as then written, the defendant had no right to appeal whether his sentence was supported by evidence presented because he entered into a plea agreement as to the sentence), *disc. review denied*, 310 N.C. 310, 312 S.E.2d 654 (1984).

In this case, defendant brought forward no issues on appeal. However, because defendant filed a brief pursuant to *Anders* we must determine whether the appeal is "wholly frivolous." *Kinch*, 314 N.C. at 102, 331 S.E.2d at 667. Therefore, we must examine any issue that defendant could have possibly raised.

In her plea agreement, defendant admitted that her prior record level was II, that punishment for the offense could be either intermediate or active in the trial court's discretion and that the trial court was authorized to sentence her to a maximum of forty-four months in prison. By these admissions, defendant mooted the issues of whether

her prior record level was correctly determined, whether the type of sentence disposition was authorized and whether the duration of her prison sentence was authorized. Therefore, defendant could not have raised any of the issues enumerated in N.C. Gen. Stat. § 15A-1444(a2) (Cum. Supp. 1996) in her appeal. Because defendant could not have raised those issues, she had no right to appeal in this case.

Appeal dismissed.

Judges WALKER and SMITH concur.