An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA15-536

Filed: 20 October 2015

Guilford County, Nos. 13CRS076515-16, 76518, 76522, 76524, 76526, 76528-30, 76532-33, 76538

STATE OF NORTH CAROLINA

v.

MICHAEL CAIN WILSON

Appeal by Defendant from judgments entered 2 December 2014 by Judge Lindsay R. Davis in Guilford County Superior Court. Heard in the Court of Appeals 12 October 2015.

> *Attorney General Roy A. Cooper, III, by Assistant Attorney General Joseph L. Hyde, for the State.*

> *William D. Spence, for Defendant-Appellant.*

DILLON, Judge.

Defendant entered a guilty plea to seven counts of first degree rape of a child under thirteen years of age, two counts of sexual offense by a parent, two counts of statutory rape of a child between thirteen and fifteen years of age, and one count of intentional child abuse inflicting serious injury. Three of the seven counts of first degree rape occurred between January 1991 and January 1994 and were therefore governed by the Fair Sentencing Act ("FSA"). The trial court consolidated the three

FSA offenses for judgment and sentenced Defendant to life imprisonment as prescribed by N.C. Gen. Stat. § 14-1.1(a)(2) (repealed effective Jan. 1, 1995).[1] The court consolidated the remaining offenses and sentenced Defendant as a prior record level ("PRL") I to a consecutive prison term of 240 months to 297 months under the applicable version of structured sentencing. *See* N.C. Gen. Stat. § 15A-1340.17(c), (e) (1997). Defendant gave notice of appeal in open court.

Counsel appointed to represent Defendant is unable to identify any issue with sufficient merit to support a meaningful argument for relief on appeal and asks that this Court conduct its own review of the record for possible prejudicial error. Counsel shows to the satisfaction of this Court that he has complied with the requirements of *Anders v. California,* 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *State v. Kinch,* 314 N.C. 99, 331 S.E.2d 665 (1985), by advising Defendant of his right to file written arguments with this Court and providing him with the documents necessary to do so. Defendant has not filed any written arguments on his own behalf with this Court, and a reasonable time for him to do so has expired. In accordance with *Anders*, we have fully examined the record to determine whether any issues of arguable merit appear therefrom. We are unable to find any possible prejudicial error and conclude that the appeal is wholly frivolous.

---

[1] *State v. Ballew*, 113 N.C. App. 674, 682, 440 S.E.2d 565, 571 (1994) ("First-degree rape is a class B felony which carries a mandatory life sentence."), *aff'd per curiam*, 339 N.C. 733, 453 S.E.2d 865 (1995).

The State has moved to dismiss the appeal on the ground that Defendant has no cognizable ground for direct appeal under N.C. Gen. Stat. § 15A-1444(a1)-(a2), (e) (2013), and this Court's decision in *State v. Hamby*, 129 N.C. App. 366, 369, 499 S.E.2d 195, 196 (1998).  We agree with the State that Defendant has no viable claim within his limited appeal of right from a guilty plea under N.C. Gen. Stat. § 15A-1444.  Defendant received a mandatory sentence under the FSA; he was sentenced as a PRL I and within the presumptive range of structured sentencing for his remaining offenses and he neither preserved the right to appeal the denial of a motion to suppress nor moved to withdraw his guilty plea.  *See State v. Pimental*, 153 N.C. App. 69, 73, 568 S.E.2d 867, 870 (2002).  Accordingly, we allow the State's motion and dismiss Defendant's appeal.  *See Hamby*, 129 N.C. App. at 369, 499 S.E.2d at 196 ("[I]f during plea negotiations the defendant essentially stipulated to matters that moot the issues he could have raised under [N.C. Gen. Stat. § 15A-1444](a2), his appeal should be dismissed.").

DISMISSED.

Chief Judge McGEE and Judge HUNTER, JR., concur.

Report per Rule 30(e).