CALABRIA, Judge.
William Brian Morrison ("defendant") appeals, by writ of certiorari, from judgments entered pursuant to an Alford plea. We affirm.
On 11 February 2016, defendant entered an Alford plea to three counts of attempted first degree murder, three counts of assault with a firearm on a law enforcement officer, and one count of possession of a firearm by a convicted felon. See North Carolina v. Alford , 400 U.S. 25, 27 L.Ed. 2d 162 (1970). In accordance with the terms of the plea agreement, the trial court (1) consolidated the attempted murder and assault convictions into one judgment and sentenced defendant to a term of 225 to 282 months in the custody of the North Carolina Division of Adult Correction; and (2) sentenced defendant to a consecutive term of 15 to 27 months' imprisonment on the remaining firearm conviction.
On 24 February 2016, defendant filed a pro se "Motion to Appeal Defendant's Sentence." The next day, the trial court held a hearing and accepted defendant's filing as a notice of appeal. The court appointed appellate counsel, and defendant subsequently perfected the appeal. On 24 October 2016, contemporaneous with the filing of his brief, defendant filed with this Court a petition for writ of certiorari. Defendant recognized that his notice of appeal was defective in that it failed to: (1) identify the judgment underlying his appeal; and (2) designate the court to which his appeal was taken. See N.C.R. App. P. 4(b). In our discretion, we grant defendant's petition for writ of certiorari for the purpose of reviewing the judgments entered.
Counsel appointed to represent defendant has been unable to identify any issue with sufficient merit to support a meaningful argument for relief on appeal and asks that this Court conduct its own review of the record for possible prejudicial error. Counsel has shown to the satisfaction of this Court that she has complied with the requirements of Anders v. California , 386 U.S. 738, 18 L.Ed. 2d 493 (1967), and State v. Kinch , 314 N.C. 99, 331 S.E.2d 665 (1985), by advising defendant of his right to file written arguments with this Court and providing him with the documents necessary to do so.
The State moved to dismiss defendant's appeal on the basis that, because defendant pled guilty, he has only a limited right to appeal. We note, however, that even in guilty plea cases, a defendant convicted of a felony has a statutory right to appellate review of certain aspects of the judgment. See N.C. Gen. Stat. § 15A-1444(a1) -(a2) (2015) ; see also State v. Hamby , 129 N.C. App. 366, 369-70, 499 S.E.2d 195, 196-97 (1998) (conducting Anders review even though the defendant pled guilty and "brought forward no issues on appeal"). Accordingly, we deny the State's motion.
On 28 November 2016, defendant filed a pro se brief in which he argues, inter alia , that: (1) he is innocent of the charges; (2) he received ineffective assistance of trial counsel; (3) his guilty plea was not freely, knowingly, and voluntarily entered; (4) he was deprived of his constitutional right to a speedy trial; (5) the State withheld evidence favorable to the defense; and (6) the State used false and fabricated evidence to obtain his conviction. However, defendant's arguments are not issues from which defendant has an appeal of right, see N.C. Gen. Stat. § 15A-1444, and we decline to review them. Defendant may seek relief by filing a motion for appropriate relief with the trial court.
In accordance with Anders , we have fully examined the record to determine whether any issues of arguable merit appear therefrom. We note that the indictment in 13 CRS 051693, charging defendant with possession of a firearm by a felon, erroneously cites N.C. Gen. Stat. § 14-415, instead of § 14-415.1. See generally N.C. Gen. Stat. § 14-415 (stating that a violation of Chapter 14, Article 54, governing the manufacture, sale, and use of pyrotechnics, is a misdemeanor); N.C. Gen. Stat. § 14-415.1(a) (providing that it is "unlawful for any person who has been convicted of a felony to purchase, own, possess, or have in his custody, care, or control any firearm or any weapon of mass death and destruction ..."). Nevertheless, this error is not fatal because the wording of the indictment clearly "reveals the statute contemplated by the State in charging defendant was actually section [14-415.1]." State v. Mueller , 184 N.C. App. 553, 574, 647 S.E.2d 440, 454-55 (upholding four indictments that cited the wrong statute because their text "properly put [the defendant] on notice" of the offenses charged), cert. denied , 362 N.C. 91, 657 S.E.2d 24 (2007). Furthermore, we also note that both defendant's guilty plea and the trial court's judgment cite the correct statute.
By virtue of his guilty plea, defendant's right of appeal was limited to the sentencing issues set forth in N.C. Gen. Stat. § 15A-1444(a1) -(a2). Here, defendant stipulated to his prior convictions and was correctly sentenced in the presumptive range for Class B2 and Class G, Level IV felony offenses. Accordingly, we find no prejudicial error, conclude that the appeal is wholly frivolous, and affirm the trial court's judgments.
AFFIRMED.
Report per Rule 30(e).
Chief Judge McGEE and Judge DILLON concur.