DIETZ, Judge.
Defendant Curtis Logan appeals his convictions and sentence after entering into a plea agreement with the State and pleading guilty to assault on a female, assault inflicting serious injury constituting habitual misdemeanor assault, and attaining habitual felon status.
As explained below, Logan's arguments on direct appeal are barred as a result of his guilty plea and the terms of the plea agreement. We therefore dismiss the appeal and deny Logan's petition for a writ of certiorari. We dismiss Logan's corresponding motion for appropriate relief without prejudice to pursue those claims in the trial court.
Facts and Procedural History
In October 2017, Curtis Logan entered into a plea agreement with the State. Consistent with that plea agreement, Logan pleaded guilty to assault on a female, assault inflicting serious injury constituting habitual misdemeanor assault, and attaining habitual felon status. The plea agreement provided that all of the charges would be consolidated into one Class D felony for which Logan would be sentenced to a term of 60 to 84 months in prison.
At the plea hearing, the trial court conducted a lengthy colloquy with Logan to ensure that he understood the charges against him and the consequences of the terms of the plea agreement. The State gave a summary of the facts supporting the charges, including a description of the prior convictions supporting the two habitual charges. The State did not present the prior conviction records and Logan did not request that they be introduced into evidence. Logan also stipulated to his prior record level in a worksheet that listed his prior convictions and indicated how those prior convictions resulted in the prior record level that formed the basis of the sentence recommended in his plea agreement. In accordance with the plea agreement, the trial court sentenced Logan to 60 to 84 months in prison. Logan timely appealed.
Analysis
I. Challenge to factual basis for plea to habitual charges
Logan first argues that there was insufficient evidence to support his convictions on the habitual felon and habitual misdemeanor assault charges. Logan acknowledges that he has no right to appeal these issues because he entered a guilty plea and thus requests that this Court issue a writ of certiorari to permit appellate review. As explained below, in our discretion, we decline to issue a writ of certiorari and we dismiss Logan's appeal on these issues.
This Court has broad discretion to issue a writ of certiorari to permit review of issues that would not otherwise be appealable. State v. Bishop , --- N.C. App. ----, ----, 805 S.E.2d 367, 369 (2017). But if this Court routinely issued a writ of certiorari in every case in which a criminal defendant desired further review but had no statutory right to appeal, it would undermine the intent and purpose of our statutes limiting appellate review in criminal cases. Thus, to warrant review by writ of certiorari, the defendant "must show merit or that error was probably committed below." State v. Grundler , 251 N.C. 177, 189, 111 S.E.2d 1, 9 (1959).
Here, Logan fails to make this showing because, even if we issued a writ of certiorari, the effect of his guilty plea precludes us from addressing his arguments. A guilty plea "waives any defect which is not jurisdictional. It is a confession of guilt in the manner and form as charged in the indictment. An accused by pleading guilty waives all defenses other than that the indictment charges no offense." State v. Caldwell , 269 N.C. 521, 526, 153 S.E.2d 34, 37-38 (1967).
Here, Logan does not argue that the indictments through which he was charged had a jurisdictional defect. Instead, he contends that, upon reviewing the records concerning his prior convictions, he discovered that he had not, in fact, committed habitual misdemeanor assault or attained the status of a habitual felon. Our precedent does not permit Logan to raise these issues on direct appeal from a judgment entered as a result of a guilty plea. Id. These are issues that must be raised, if at all, through a motion for appropriate relief in the trial court. Accordingly, we deny Logan's petition for a writ of certiorari and dismiss his appeal on these issues.
II. Challenge to calculation of prior record level
Logan next argues that the trial court erred in calculating his prior record level at sentencing. As with his arguments concerning his convictions, we reject this argument because it is waived.
Ordinarily, a defendant who pleads guilty has the right to appeal "the issue of whether the sentenced imposed ... [r]esults from an incorrect finding of the defendant's prior record level." N.C. Gen. Stat. § 15A-1444(a2)(1). But this Court has held that when a defendant agrees to a specific sentence under a plea agreement, and is sentenced in accordance with that agreement, it "moot[s] any issues that could have been raised on appeal as to [the] sentence." State v. Gardner , 225 N.C. App. 161, 166, 736 S.E.2d 826, 830 (2013). As a result, "if during plea negotiations the defendant essentially stipulated to matters that moot the issues he could have raised under subsection (a2), his appeal should be dismissed." State v. Hamby , 129 N.C. App. 366, 369, 499 S.E.2d 195, 196 (1998).
Here, Logan agreed to the specific sentence imposed as part of a plea agreement and, by doing so, waived the right to challenge the calculation of his prior record level used to reach the agreed-upon sentence. Logan contends that this waiver precedent should not apply because "the errors assigned herein are a result of the lack of court records to support the prior convictions for his habitual felon status" and that this lack of records "should not be his fault but that of the judge and counsel." But, under Gardner and Hamby , Logan waived his right to argue that the trial court erred by entering the sentence to which he agreed based on a stipulated prior record level. And, to the extent he views this error as one by his counsel, that issue must be pursued in a claim for ineffective assistance of counsel, which Logan does not assert in this appeal. Accordingly, under Hamby , we must dismiss Logan's appeal from his sentence.
III. Motion for appropriate relief
Finally, Logan also filed a motion for appropriate relief, asserting arguments related to the principal arguments he asserts on appeal. A defendant may move for appropriate relief directly in this Court, but only when an appeal properly is pending here. N.C. Gen. Stat. § 15A-1418. Because we dismiss Logan's appeal on all issues asserted on direct appeal and deny his petition for a writ of certiorari, we lack jurisdiction to consider his motion for appropriate relief and dismiss it without prejudice. State v. Waters , 122 N.C. App. 504, 505, 470 S.E.2d 545, 546 (1996).
Conclusion
For the reasons discussed above, we allow the State's motion to dismiss the appeal, deny Logan's petition for a writ of certiorari, and dismiss the accompanying motion for appropriate relief for lack of appellate jurisdiction.
DISMISSED.
Report per Rule 30(e).
Judges STROUD and BERGER concur.