DAVIS, Judge.
*625 Sameer Ibn Muhammod Edgar ("Defendant") appeals from the judgment entered on his plea of guilty to two counts of attempted first-degree murder, two counts of assault with a deadly weapon with intent to kill inflicting serious injury ("AWDWIKISI"), and twenty-four counts of discharging a firearm into occupied property. On appeal, he contends that (1) the trial court erred in sentencing him as a prior record level II offender because its calculation of his prior record level was premised on a legally ineffective stipulation; and (2) he received ineffective assistance of counsel when his attorney at trial failed to present evidence demonstrating that his prior out-of-state conviction was substantially similar to a misdemeanor offense in North Carolina. After careful review, we dismiss Defendant's appeal.
Factual Background
On 5 September 2012, Defendant, his brother Kumani Regains ("Regains"), and an individual identified as Mr. Height ("Height") traveled from Kinston, North Carolina to Raleigh, North Carolina to see Defendant's and Regains' other brother, who had just been robbed by a man named Lamont Jones ("Jones") in a "drug deal gone bad." Defendant, Regains, and Height then drove back towards Kinston, stopping in Smithfield, North Carolina at approximately 8:00 p.m. They drove to an apartment complex on Towbridge Street in Smithfield, exited the vehicle, and approached apartment 38, the apartment where Jones lived. They knocked on the window of the apartment, calling out Jones' name, and a voice from inside the apartment replied that Jones "was not there."
Defendant, Regains, and an unnamed co-defendant[1] -each armed with a handgun-began firing shots into apartment 38. They then left *626 the apartment complex and returned to Kinston. Several of the shots fired into the apartment struck two of the inhabitants, a 23-year-old woman and her 8-year-old son. The woman suffered a gunshot wound to her neck, and her son was rendered paralyzed from the waist down as a result of the gunshot wound he sustained to his spinal column.
On 3 December 2012, a grand jury returned bills of indictment charging Defendant with two counts of attempted first-degree murder, two counts of AWDWIKISI, and twenty-four counts of discharging a firearm into occupied property. Defendant pled guilty to all charges on 7 April 2014 pursuant to a plea agreement stating that he would "receive an active sentence of 180 to 228 months." The trial court entered judgment on his guilty plea, sentencing him as a prior record level II offender to 180 to 228 months imprisonment.
Analysis
I. Prior Record Level
Defendant's primary argument on appeal is that the trial court erred in calculating his prior record level because it based its calculation on an ineffective stipulation. Defendant's sole conviction prior to the present offenses was a conviction in Michigan for carrying a concealed weapon, which he contends is substantially similar to the North Carolina offense of carrying a concealed weapon (a Class 2 misdemeanor for first-time offenders). For this reason, Defendant argues that he should have been assigned zero prior record level points and, therefore, been classified as a prior record level I offender.
"The prior record level of a felony offender is determined by calculating the sum of the points assigned to each of the offender's prior convictions that the court ... finds to have been proven in accordance with this *768 section." N.C. Gen.Stat. § 15A-1340.14(a) (2013). Pursuant to N.C. Gen.Stat. § 15A-1340.14, Class A felony convictions are assigned ten points, Class B1 felony convictions are assigned nine points, Class B2, C, and D felony convictions are assigned six points, Class E, F, and G felony convictions are assigned four points, and Class H and I felony convictions are assigned two points. N.C. Gen.Stat. § 15A-1340.14(b)(1)-(4). Class A1-and some Class 1-misdemeanor convictions are assigned one point while all other misdemeanor convictions are assigned zero points. N.C. Gen.Stat. § 15A-1340.14(b)(5).
Where a defendant's prior conviction or convictions occurred outside of North Carolina, the following rules apply:
*627 [A] conviction occurring in a jurisdiction other than North Carolina is classified as a Class I felony if the jurisdiction in which the offense occurred classifies the offense as a felony, or is classified as a Class 3 misdemeanor if the jurisdiction in which the offense occurred classifies the offense as a misdemeanor. If the offender proves by the preponderance of the evidence that an offense classified as a felony in the other jurisdiction is substantially similar to an offense that is a misdemeanor in North Carolina, the conviction is treated as that class of misdemeanor for assigning prior record level points. If the State proves by the preponderance of the evidence that an offense classified as either a misdemeanor or a felony in the other jurisdiction is substantially similar to an offense in North Carolina that is classified as a Class I felony or higher, the conviction is treated as that class of felony for assigning prior record level points. If the State proves by the preponderance of the evidence that an offense classified as a misdemeanor in the other jurisdiction is substantially similar to an offense classified as a Class A1 or Class 1 misdemeanor in North Carolina, the conviction is treated as a Class A1 or Class 1 misdemeanor for assigning prior record level points.
N.C. Gen.Stat. § 15A-1340.14(e).
N.C. Gen.Stat. § 15A-1340.14(f) permits various methods of proving the existence of a prior conviction, including the "[s]tipulation of the parties." The court then calculates the defendant's prior record level based on its determination of his prior convictions and addition of the applicable points stemming from these prior convictions. Prior record levels span from level I (which encompasses offenders with zero to one points) to level VI (which requires at least eighteen points). N.C. Gen.Stat. § 15A-1340.14(c).
Pursuant to N.C. Gen.Stat. § 15A-1444(a2), a defendant who pleads guilty to a criminal offense in superior court is entitled to an appeal as a matter of right as to the issue of whether the sentence imposed:
(1) Results from an incorrect finding of the defendant's prior record level under G.S. 15A-1340.14 or the defendant's prior conviction level under G.S. 15A-1340.21 ;
*628 (2) Contains a type of sentence disposition that is not authorized by G.S. 15A-1340.17 or G.S. 15A-1340.23 for the defendant's class of offense and prior record or conviction level; or
(3) Contains a term of imprisonment that is for a duration not authorized by G.S. 15A-1340.17 or G.S. 15A-1340.23 for the defendant's class of offense and prior record or conviction level.
N.C. Gen.Stat. § 15A-1444(a2)(1)-(3) (2013) (emphasis added).
Our Court has previously explained, however, that while "[a] plain reading of this subsection indicates that the issues set out may be raised on appeal by any defendant who has pled guilty to a felony or misdemeanor in superior court [,].... the right to appeal granted by this subsection is not without limitation." State v. Hamby, 129 N.C.App. 366, 369, 499 S.E.2d 195, 196 (1998). In Hamby, this Court specifically held that dismissal of the defendant's appeal was appropriate because she had stipulated during her plea negotiations to each of the matters addressed in N.C. Gen.Stat. § 15A-1444(a2), thereby mooting the issues she could have raised on appeal. Id. at 369-70, 499 S.E.2d at 197.
In her plea agreement, defendant admitted that her prior record level was II, that *769 punishment for the offense could be either intermediate or active in the trial court's discretion and that the trial court was authorized to sentence her to a maximum of forty-four months in prison. By these admissions, defendant mooted the issues of whether her prior record level was correctly determined, whether the type of sentence disposition was authorized and whether the duration of her prison sentence was authorized. Therefore, defendant could not have raised any of the issues enumerated in N.C. Gen.Stat. § 15A-1444(a2) ... in her appeal. Because defendant could not have raised those issues, she had no right to appeal in this case.
Id.
In the context of prior record level determinations, however, we have recently clarified that when the defendant's stipulation involves a question of law, the stipulation does not moot the issue of whether the prior record level was properly calculated. See State v. Gardner, 225 N.C.App. 161, 166-67, 736 S.E.2d 826, 830 (2013) ("A defendant's prior *629 convictions can be proved, inter alia, by stipulation of the parties. While such convictions often effectively constitute a prior record level, a defendant is not bound by a stipulation as to any conclusion of law that is required to be made for the purpose of calculating that level." (internal citation omitted)). This is so because "[s]tipulations as to questions of law are generally held invalid and ineffective, and not binding upon the courts, either trial or appellate." Id. at 167, 736 S.E.2d. at 831 (citation and quotation marks omitted).
In State v. Burgess, 216 N.C.App. 54, 715 S.E.2d 867 (2011), the defendant pled no contest pursuant to a plea agreement "that upon the defendant's pleas of no contest to 2nd degree kidnapping and crime against nature, the charges will be consolidated and defendant sentenced in [the] mitigated range of 36 months to 53 months (as a record level 4)." Id. at 54-55, 715 S.E.2d at 868 (quotation marks, brackets, and emphasis omitted). On appeal, he argued that the trial court erred in sentencing him as a prior record level IV offender based on several out-of-state convictions because the state failed to present sufficient evidence that these convictions were substantially similar to North Carolina offenses. Id. at 57, 715 S.E.2d at 870. We agreed and rejected the state's contention that the defendant was barred from raising any arguments concerning his prior record level because he had stipulated to it in his plea agreement. Id. at 58-59, 715 S.E.2d at 871.
[T]he State's reliance on State v. Hamby for its contention that defendant cannot raise issues related to his sentence on appeal because he stipulated to his prior record level and agreed to his sentence in his plea agreement is misplaced. This Court has repeatedly held a defendant's stipulation to the substantial similarity of offenses from another jurisdiction is ineffective because the issue of whether an offense from another jurisdiction is substantially similar to a North Carolina offense is a question of law.
Id. (internal citations omitted).
Here, however, Defendant's stipulation to his prior record level did not implicate any conclusions or questions of law. While Burgess is consistent with the well-established principle that a stipulation as to whether an out-of-state conviction is substantially similar to a North Carolina offense is legally ineffective because it implicates a question of law that the trial court is responsible for resolving, id. at 59, 715 S.E.2d at 871, in the present case, Defendant did not make any stipulation as to the similarity of his Michigan offense to a North Carolina offense. Instead, *630 Defendant's prior conviction was classified as a Class I felony-the default classification for an out-of-state conviction "if the jurisdiction in which the offense occurred classifies the offense as a felony." N.C. Gen.Stat. § 15A-1340. 14(e) ; see also State v. Hinton, 196 N.C.App. 750, 755, 675 S.E.2d 672, 675 (2009) ( "According to the statute, the default classification for out-of-state felony convictions is Class I." (internal quotation marks omitted)). Indeed, our Court has expressly held that
while a trial court may not accept a stipulation to the effect that a particular out-of-state conviction is "substantially similar" to *770 a particular North Carolina felony or misdemeanor, it may accept a stipulation that the defendant in question has been convicted of a particular out-of-state offense and that this offense is either a felony or a misdemeanor under the law of that jurisdiction.
State v. Bohler, 198 N.C.App. 631, 637-38, 681 S.E.2d 801, 806 (2009), disc. review denied, - -- N.C. ----, 691 S.E.2d 414 (2010).
Here, Defendant's stipulation in the prior record level worksheet that (1) he had been convicted of carrying a concealed weapon in Michigan; and (2) this offense is classified as a felony in Michigan,[2] was sufficient to support the default classification of the offense as a Class I felony. See id. at 636, 681 S.E.2d at 805 (rejecting contention that defendant's stipulation was invalid and explaining that "[t]he fundamental flaw in Defendant's argument is his assumption that stipulations between the State and a criminal defendant as to the fact of an out-of-state conviction for either a felony or a misdemeanor and stipulations as to the 'substantial similarity' between an out-of-state offense and a North Carolina crime are equally ineffective. Such an argument ... lacks support in our sentencing jurisprudence").
Accordingly, Defendant's stipulation as to his prior record level and his agreement to the sentence imposed in his plea arrangement were effective and binding. It would have been Defendant's burden to demonstrate to the trial court that his prior out-of-state felony conviction should be treated as a misdemeanor because the conviction was substantially similar to North Carolina's misdemeanor offense of carrying a concealed weapon. See N.C. Gen.Stat. § 15A-1340.14(e) ("If the offender proves by the preponderance of the evidence that an offense classified *631 as a felony in the other jurisdiction is substantially similar to an offense that is a misdemeanor in North Carolina, the conviction is treated as that class of misdemeanor for assigning prior record level points."). However, Defendant elected not to present any evidence on this issue, instead choosing to stipulate to the default classification of the offense as a Class I felony.
For the reasons explained above, the trial court did not err in accepting Defendant's stipulation that he had a prior out-of-state conviction and that this conviction was a felony in Michigan. Defendant's stipulation as to these questions of fact (as distinct from questions of law ) mooted any contentions he may have raised as to the calculation of his prior record level under N.C. Gen.Stat. § 15A-1444(a2). We therefore dismiss Defendant's appeal as to this issue. See Hamby, 129 N.C.App. at 369, 499 S.E.2d at 196 ("[I]f during plea negotiations the defendant essentially stipulated to matters that moot the issues he could have raised under subsection (a2) [of N.C. Gen.Stat. § 15A-1444 ], his appeal should be dismissed.").
II. Ineffective Assistance of Counsel Claim
Defendant next asserts that he was deprived of effective assistance of counsel when his trial counsel failed to present evidence concerning the substantial similarity between the Michigan offense of carrying a concealed weapon and the North Carolina offense of carrying a concealed weapon. In order to prevail on an ineffective assistance of counsel claim, "a defendant must show that (1) 'counsel's performance was deficient' and (2) 'the deficient performance prejudiced the defense.' " State v. Phillips, 365 N.C. 103, 118, 711 S.E.2d 122, 135 (2011) (quoting Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674, 693 (1984) ), cert. denied, - -- U.S. ----, 132 S.Ct. 1541, 182 L.Ed.2d 176 (2012).
Deficient performance may be established by showing that counsel's representation fell below an objective standard of reasonableness. Generally, to establish prejudice, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability *771 sufficient to undermine confidence in the outcome.
State v. Allen, 360 N.C. 297, 316, 626 S.E.2d 271, 286 (internal citations and quotation marks omitted), cert. denied, 549 U.S. 867, 127 S.Ct. 164, 166 L.Ed.2d 116 (2006).
5 *632 "In general, claims of ineffective assistance of counsel should be considered through motions for appropriate relief and not on direct appeal." State v. Stroud, 147 N.C.App. 549, 553, 557 S.E.2d 544, 547 (2001), cert. denied, 356 N.C. 623, 575 S.E.2d 758 (2002). This is so because on direct appeal, review is limited to the cold record, and the Court is "without the benefit of information provided by defendant to trial counsel, as well as defendant's thoughts, concerns, and demeanor that could be provided in a full evidentiary hearing on a motion for appropriate relief." Id. at 554-55, 557 S.E.2d at 547 (internal citation and quotation marks omitted). Only when "the cold record reveals that no further investigation is required, i.e., claims that may be developed and argued without such ancillary procedures as the appointment of investigators or an evidentiary hearing" will an ineffective assistance of counsel claim be decided on the merits on direct appeal. State v. Thompson, 359 N.C. 77, 122-23, 604 S.E.2d 850, 881 (2004) (citation and quotation marks omitted), cert. denied, 546 U.S. 830, 126 S.Ct. 48, 163 L.Ed.2d 80 (2005).
Here, Defendant argues that trial counsel's failure to present any evidence of the similarity between his out-of-state conviction and the corresponding North Carolina offense (1) was unreasonable and, therefore, deficient because "the reasonable course of action is to put forth evidence of the similarity to avoid a harsher sentence for the defendant"; and (2) prejudiced him because if such evidence "had been put forth showing the offenses are the same, [Defendant] would have been sentenced as a Prior Record Level I offender instead of a Prior Record Level II offender."
When assessing whether an attorney's performance was deficient for the purpose of analyzing a defendant's ineffective assistance of counsel claim, it is well established that the defendant's counsel "is given wide latitude in matters of strategy, and the burden to show that counsel's performance fell short of the required standard is a heavy one for defendant to bear." State v. Fletcher, 354 N.C. 455, 482, 555 S.E.2d 534, 551 (2001), cert. denied, 537 U.S. 846, 123 S.Ct. 184, 154 L.Ed.2d 73 (2002). Here, it is conceivable that Defendant's trial counsel had strategic reasons to accept the default classification of Defendant's prior out-of-state conviction as a Class I felony.
Thus, because we cannot discern from the record before us whether his trial counsel's failure to argue that Defendant's prior conviction should be assigned zero points (based on the contention that it was substantially similar to a misdemeanor in North Carolina) was *633 a matter of strategy in plea negotiations with the State, we conclude that Defendant's ineffective assistance of counsel claim should be dismissed without prejudice to his right to reassert it in a motion for appropriate relief. See State v. Al-Bayyinah, 359 N.C. 741, 752-53, 616 S.E.2d 500, 509-10 (2005) (explaining that defendant's ineffective assistance of counsel claim was not reviewable on direct appeal because "[t]rial counsel's strategy and the reasons therefor are not readily apparent from the record, and more information must be developed to determine if defendant's claim satisfies the Strickland test"), cert. denied, 547 U.S. 1076, 126 S.Ct. 1784, 164 L.Ed.2d 528 (2006).
Conclusion
For the reasons stated above, we dismiss Defendant's appeal. Defendant's ineffective assistance of counsel claim is dismissed without prejudice to his right to reassert it through a motion for appropriate relief.
DISMISSED.
Judges STROUD and DILLON concur.

It is unclear from the record whether this unnamed co-defendant traveled with the others from Kinston or joined them at some other point.

Michigan's penal code classifies the offense of carrying a concealed weapon as "a felony, punishable by imprisonment for not more than 5 years, or by a fine of not more than $2,500.00." Mich. Comp. Laws § 750.227(3) (2013).