HUNTER, JR., Robert N., Judge.
 

 *556
 
 Xavier Donnell Sellers ("Defendant") appeals following a jury verdict convicting him of assault with a deadly weapon inflicting serious injury. Following the verdict, the trial court sentenced Defendant to 55 to 78 months imprisonment. On appeal, Defendant argues the trial court erred by failing to comply with the provisions of N.C. Gen.Stat. § 15A-1031. Because Defendant waived this issue at trial, we find no error.
 

 I. Factual and Procedural Background
 

 On 23 September 2013, a Mecklenburg County grand jury indicted Defendant for assault with a deadly weapon inflicting serious injury, communicating threats, and assault on a female. The State gave Defendant notice that it sought to prove aggravating factors. Defendant pled not guilty, and the case was called for trial 7 April 2014.
 

 *557
 
 The State presented evidence on 8 April 2014, and called Shalamar Venable as its first witness. Thereafter, the State put on additional witnesses and evidence. At the close of the State's case, the trial court dismissed the charges for assault on a female and communicating threats. Thereafter, Defendant informed the court that he would testify. The transcript
 
 [1]
 
 reveals the following:
 

 BAILIFF: Your Honor, do you want him to be in front of the jury-they're going to know he's got leg restraints on.
 

 THE COURT: What do you want to do about that?
 

 BAILIFF: He's done it three times.
 

 THE COURT: [Defense counsel], what do you say?
 

 [DEFENSE COUNSEL]: I don't object to him walking up there.
 

 THE COURT: Even with leg restraints on?
 

 [DEFENSE COUNSEL]: No, sir.
 

 THE COURT: You might ask him-it might be part of your defense. Let's just let him walk up in front of the jury....
 

 [The jury returns to the courtroom]
 

 THE COURT: Will there be evidence for the defendant?
 

 [DEFENSE COUNSEL]: Yes, sir. We call [Defendant].
 

 THE COURT: Sir, come on up. Step around to the witness box, please. Once there, place your left hand on the Bible, raise your right, and face the jury.
 

 Defendant walked in front of the jury with leg shackles on, and testified he acted in self-defense. Defendant did not object at any time. Neither party requested a jury instruction regarding the leg shackles, and neither party moved for mistrial.
 

 On 10 April 2014, the jury returned a unanimous verdict finding Defendant guilty of assault with a deadly weapon inflicting serious injury. The court sentenced Defendant
 
 *88
 
 in the aggravated range to 55 to 78 months imprisonment. Defendant timely gave his oral notice of appeal.
 
 *558
 

 II. Analysis
 

 "The law has long forbidden routine use of visible shackles during the guilt phase [of trial]; it permits a State to shackle a criminal defendant only in the presence of a special need."
 
 Deck v. Missouri,
 

 544 U.S. 622
 
 , 626,
 
 125 S.Ct. 2007
 
 ,
 
 161 L.Ed.2d 953
 
 (2005). "[T]he Fifth and Fourteenth Amendments prohibit the use of physical restraints visible to the jury absent a trial court determination, in the exercise of its discretion, that they are justified by a state interest specific to a particular trial."
 

 Id.
 

 at 629
 
 ,
 
 125 S.Ct. 2007
 
 . "Thus, where a court, without adequate justification, orders the defendant to wear shackles that will be seen by the jury, the defendant need not demonstrate actual prejudice to make out a due process violation."
 

 Id.
 

 at 635
 
 ,
 
 125 S.Ct. 2007
 
 . "The State must prove 'beyond a reasonable doubt that the [shackling] error complained of did not contribute to the verdict obtained.' "
 

 Id.
 

 (citing
 
 Chapman v. California,
 

 386 U.S. 18
 
 , 24,
 
 87 S.Ct. 824
 
 ,
 
 17 L.Ed.2d 705
 
 (1967) ).
 

 Defendant contends the trial court violated N.C. Gen.Stat. § 15A-1031 by allowing him to appear before the jury in leg shackles, and failing to issue a limiting instruction. Our Supreme Court, and this Court, held that failure to object to shackling waives "any error which may have been committed."
 
 State v. Tolley,
 

 290 N.C. 349
 
 , 371,
 
 226 S.E.2d 353
 
 , 370 (1976) ;
 
 see also
 

 State v. Thomas,
 

 134 N.C.App. 560
 
 , 568,
 
 518 S.E.2d 222
 
 , 228 (1999) ;
 
 State v. Ash,
 

 169 N.C.App. 715
 
 , 726,
 
 611 S.E.2d 855
 
 , 863 (2005).
 
 [2]
 
 Even though these opinions were published prior to the United States Supreme Court decision in
 
 Deck v. Missouri,
 
 we must hold Defendant waived his shackling challenge.
 

 "It is not the duty of this Court to supplement an appellant's brief with legal authority or arguments not contained therein."
 
 Goodson v. P.H. Glatfelter Co.,
 

 171 N.C.App. 596
 
 , 606,
 
 615 S.E.2d 350
 
 , 358,
 
 disc. review denied,
 

 360 N.C. 63
 
 ,
 
 623 S.E.2d 582
 
 (2005). However, we note a paradox in the law.
 

 "Visible shackling undermines the presumption of innocence and the related fairness of the fact finding process."
 
 Deck,
 

 544 U.S. at 630
 
 ,
 
 125 S.Ct. 2007
 
 (citation omitted). Under current North Carolina law, other structural errors similar to shackling are not preserved without objection at trial, and are waived on appeal.
 
 See
 

 State v. Garcia,
 

 358 N.C. 382
 
 , 410,
 
 597 S.E.2d 724
 
 , 745 (2004). Defendant's appeal only raises a statutory claim under N.C. Gen.Stat. § 15A-1031, which he waived.
 

 *559
 
 Nevertheless, trial judges should be aware that a decision by a sheriff to shackle a problematic criminal defendant in a jail setting or in transferring a defendant from the jail to a courtroom, is not, without a trial court order supported by adequate findings of fact, sufficient to keep a defendant shackled during trial. Failure to enter such an order can, under the proper circumstances, result in a failure of due process.
 
 Deck,
 

 544 U.S. 622
 
 ,
 
 125 S.Ct. 2007
 
 .
 

 III. Conclusion
 

 For the foregoing reasons we hold Defendant waived his statutory challenge. Therefore, we hold there is
 

 NO ERROR.
 

 Judges GEER and DILLON concur.
 

 [1]
 

 The parties agree the record is silent on whether Defendant was shackled prior to this exchange. However, the bailiff clearly indicated Defendant was in leg shackles prior to this exchange, and the jury saw Defendant's shackles on three prior occasions.
 

 [2]
 

 There are other unpublished opinions from our Court that uphold this waiver principle.
 
 See e.g.
 

 State v. Anthony,
 
 --- N.C.App. ----,
 
 759 S.E.2d 712
 
 (2014) (unpublished);
 
 State v. McDonald,
 

 196 N.C.App. 791
 
 ,
 
 675 S.E.2d 719
 
 (2009) (unpublished);
 
 State v. Black,
 

 163 N.C.App. 611
 
 ,
 
 594 S.E.2d 258
 
 (2004) (unpublished).