BRYANT, Judge.
Defendant's guilty plea and numerous stipulations concurrent with his plea--including a stipulation to prior record points and facts to support same, and a stipulation to receiving adequate notice of aggravating factors--preclude a successful challenge by defendant on appeal. Further, where defendant fails to show an abuse of discretion by the trial court in failing to find a mitigating factor, we affirm the judgment of the trial court.
Defendant Donald Theo Gilliam appeals from judgments entered on his plea of guilty before the Honorable Julia Lynn Gullett, Judge presiding, in Alexander County Superior Court. Defendant was charged with the following: 13 CRS 50101 (obtaining property by false pretenses), 13 CRS 50356 (obtaining property by false pretenses), 13 CRS 50461 (obtaining property by false pretenses), 13 CRS 50462 (obtaining property by false pretenses), 13 CRS 700121 (driving with revoked license), 14 CRS 50183 (obtaining property by false pretenses), 15 CRS 50577 (two counts of obtaining property by false pretenses), 16 CRS 102 (habitual felon), 17 CRS 191 (failure to appear on a felony), 17 CRS 192 (habitual felon). Under the plea agreement--which defendant read and signed on 24 October 2017--the State agreed to dismiss three counts of obtaining property by false pretenses and one count of driving with a revoked license. In exchange, defendant agreed to plead guilty to the remaining charges, be sentenced within the trial court's discretion, and pay restitution.
During sentencing, the trial court found two aggravating factors: 1) the victim was very old, and 2) the present offenses were committed while on pretrial release for another charge. No mitigating factors were found. Defendant was sentenced to a prior record level IV, with 11 prior record points. The trial court consolidated the convictions into three judgments and imposed three consecutive active sentences, each in the aggravated range of 121 to 158 months, 121 to 158 months, and 48 to 70 months. Defendant appeals.
_________________________
On appeal, defendant contends the trial court erred by: (I) applying certain prior record points against him, (II) applying aggravating factors when the State failed to provide adequate notice, and (III) failing to accept an uncontested mitigating factor.
I
Defendant argues it was error to apply a prior record point because he was on probation at the time the offenses were committed, and to apply a prior record point based on the current offense having the same elements as a past conviction. After careful review, and for the reasons stated herein, we dismiss defendant's argument.
Generally, a defendant who knowingly, voluntarily, and intelligently enters an unconditional guilty plea, waives claims against all defects in the proceeding, including constitutional defects, that occurred before entry of the plea. See State v. Reynolds , 298 N.C. 380, 395, 259 S.E.2d 843, 852 (1979).
North Carolina General Statutes, section 15A-1444(a2), allows for a defendant who has entered a plea of guilty or no contest to obtain appellate review as a matter of right where a sentence results from an incorrect finding of that defendant's prior record or conviction level. N.C. Gen. Stat. § 15A-1444(a2)(1) (2017). Notwithstanding our statute, this Court has stated that "the right to appeal granted by [ N.C. Gen. Stat. § 15A-1444(a2) ] is not without limitations." State v. Hamby , 129 N.C. App. 366, 369, 499 S.E.2d 195, 196 (1998). If a defendant who has pled guilty, and otherwise does not have a right to appeal, "essentially stipulated to matters that moot the issues he could have raised under subsection (a2), his appeal should be dismissed." Id . This Court further stated in State v. Edgar that where a defendant's stipulation as to his prior record level "involves a question of law , the stipulation does not moot the issue of whether the prior record level was properly calculated." State v. Edgar , 242 N.C. App. 624, 628, 777 S.E.2d 766, 769 (2015). However, where defendant stipulates to questions of fact , he has "mooted any contentions he may have raised as to the calculation of his prior record level under N.C. Gen. Stat. § 15A-1444(a2)." Id . at 631, 777 S.E.2d at 770.
Reviewing the record, it reveals that defendant stipulated to the following prior convictions along with the default classification of each offense on the prior record level worksheet: six Class H convictions of obtaining property by false pretenses, one Class 1 conviction of misdemeanor larceny, and one Class I conviction of felony worthless check in excess of $ 2,000.[1] Defendant also stipulated to 11 prior record points, amounting to a prior record level of IV.
Subsequently, the trial court engaged in a colloquy with defendant, where he confirmed his admissions were of informed choice:
[THE COURT]: ... I'm sure your lawyer has explained that to you -- is that the habitual felony status in 16 CRS 102, would elevate the two 15 CR[S] file numbers of obtaining property by false pretenses, a Class D felony, which carry a maximum sentence of of [sic] 204 months each. Then the two 13 CRS file numbers of obtaining property by false pretenses are regular Class H Felonies. They each carry a maximum punishment of 39 months. Then the habitual felony status in 17 CRS 192, would elevate the failure to appear to a Class E felony. That carries a maximum punishment of 88 months; for a total maximum punishment of 574 months.
....
[THE COURT]: Do you now personally plead guilty to the charges I just described?
[DEFENDANT]: Yes ma'am.
[THE COURT]: Are you in fact guilty?
[DEFENDANT]: Yes ma'am.
[THE COURT]: Have you admitted the existence of [Prior Record] Points not related to Prior Convictions that are shown on the Transcript, and that NO. 1; you were on supervised probation ... at the time of the offenses, and NO. 2, that all elements of the present offense are included in the prior offense whether or not the prior offenses were used in determining Prior Record Level?
[DEFENDANT]: Yes, ma'am.
[THE COURT]: Have you agreed that there is evidence to support those points beyond a reasonable doubt?
[DEFENDANT]: Yes, ma'am.
[THE COURT]: Have you agreed that the Court may accept your admission to those points?
[DEFENDANT]: Yes, ma'am.
....
[THE COURT]: Have you agreed the plea deal is part of a plea arrangement?
[DEFENDANT]: Yes, ma'am.
[THE COURT]: The Prosecutor, your lawyer and you have informed the [c]ourt that these are all the terms and conditions of your plea, [t]hat the sentence will be in the [c]ourt's discretion; that the State is dismissing the charges set out on Page 2 Side 2 of the Transcript, which will be one count o[f] the obtaining property by false pretenses that is pending in Superior Court; two counts of obtaining property by false pretenses that are pending in District Court; and one count of [d]riving [w]hile [l]icense [r]evoked; and also that you're stipulating to the restitution in the amounts set out on your Restitution Worksheet? Is the plea arrangement as set forth within this Transcript and as I have just described it to you, correct as being you[r] full plea arrangement?
[DEFENDANT]: Yes, ma'am.
(emphasis added). Following this colloquy, the trial court signed defendant's Transcript of Plea, indicating its acceptance of the agreement.
We note that at no point during the sentencing phase did defendant or his counsel challenge the accuracy of the information within the prior record level worksheet or the files submitted by the State. The trial court was given evidence of defendant's record by the State to further support defendant's stipulations and sentencing, and no objection was lodged by defendant. While we recognize a defendant cannot stipulate to questions of law pertaining to his prior record level, "[i]t is well settled that a defendant can stipulate to a prior conviction, even though the prior conviction itself involved a mixed question of fact and law." State v. Arrington , 371 N.C. 518, 522, --- S.E.2d ----, ---- (2018).
Defendant, by signing the stipulations on the prior record level worksheet and reaffirming those stipulations before the trial court, stipulated to the factual basis supporting his prior record level. He was aware of the proper classification of each conviction and that the trial court would use his convictions to "calculate the total number of points assigned to defendant's prior convictions, and designate defendant's appropriate offender level." Id . at 524, --- S.E.2d at ----. Moreover, defendant had numerous opportunities to object during his offered stipulations, but he failed to do so. Notwithstanding defendant's stipulations, the State's summary of the evidence supported the basis for the prior record points because defendant was, in fact, on probation at the time he committed the current offenses and the current offenses had the same elements as past convictions before consolidation took place at his request.[2]
For the reasons stated above, we find defendant stipulated to the factual basis involving the calculation of his prior record level and, therefore, mooted these issues on appeal. Accordingly, we dismiss this argument.
II
Defendant argues the State did not provide adequate written notice of its intent to prove aggravating factors. Specifically, defendant argues that the State failed to meet the notice requirements set forth in North Carolina General Statutes, section 15A-1340.16(a6), when its notice of intent to prove aggravating factors was served 21 days prior to the guilty plea, and the statute requires 30 days.
Section 15A-1340.16(a6) states:
[t]he State must provide a defendant with written notice of its intent to prove the existence of one or more aggravating factors under subsection (d) of this section or a prior record level point under G.S. 15A-1340.14(b)(7) at least 30 days before trial or the entry of a guilty or no contest plea. A defendant may waive the right to receive such notice. The notice shall list all the aggravating factors the State seeks to establish.
N.C.G.S. § 15A-1340.16(a6) (2017) (emphasis added).
In the instant case, defendant stipulated to the adequacy of the notice:
[THE COURT]: Have you admitted the existence of the Aggravating Factors shown on the Transcript, which were NO. 11, that the victim was very old; and NO. 12, that the Defendant committed the offense while on Pretrial Release on other charges?
[DEFENDANT]: Yes, ma'am.
[THE COURT]: Have you agreed that there is evidence to support those factors beyond a reasonable doubt?
[DEFENDANT]: Yes, ma'am.
[THE COURT]: Have you agreed that the Court may accept your admission to these factors?
[DEFENDANT]: Yes, ma'am.
[THE COURT]: Do you agree that the State has provided you with the appropriate notice about those Aggravating Factors?
[DEFENDANT]: Yes, ma'am.
This record is clear that defendant stated affirmatively that "the State provided [him] with appropriate notice." See State v. Garner , 330 N.C. 273, 283, 410 S.E.2d 861, 866 (1991) (holding where a defendant admitted that he was provided adequate notice by the State, he cannot argue on appeal that notice was insufficient). Therefore, defendant's argument is overruled.
III
Finally, we address defendant's last contention that the trial court erred in failing to find a statutory mitigating factor--acceptance of responsibility for criminal conduct--during sentencing.
"The standard of review for [the] application of mitigating factors is an abuse of discretion." State v. Hull , 236 N.C. App. 415, 421, 762 S.E.2d 915, 920 (2014).
Although the trial court must consider all statutory aggravating and mitigating factors that are supported by the evidence, the judge weighs the credibility of the evidence and determines by the preponderance of the evidence whether such factors exist. Also, the trial judge has wide latitude in determining the existence of aggravating and mitigating factors, for it is he who observes the demeanor of the witnesses and hears the testimony. To show that the trial court erred in failing to find a mitigating factor, the evidence must show conclusively that this mitigating factor exists, i.e., no other reasonable inferences can be drawn from the evidence.
State v. Canty , 321 N.C. 520, 523-24, 364 S.E.2d 410, 413 (1988) (citations and quotations omitted).
During the sentencing hearing, defendant was given an opportunity to speak where he apologized verbally and in writing. Although defendant made affirmations that he "take[s] full responsibility," he also stated, "[b]ut some of the things that the District Attorney stated about how I preyed on people; ma'am, I did not prey on these people. The company I worked for introduced me to some of these people. And some of the matters[,] I was involved with somebody that was in real estate. But again. I take full responsibility for my actions."
The trial court heard defendant's words and observed his demeanor, but did not find that defendant was entitled to the mitigating factor. Based on the record before this Court, we conclude that the trial court did not abuse its discretion. We reject defendant's argument in his reply brief that evidence of a mitigating factor was "manifestly credible," where the trial court determines the credibility of evidence notwithstanding that it was "uncontradicted." Accordingly, defendant's argument is overruled.
AFFIRMED.
Report per Rule 30(e).
Judges DIETZ and INMAN concur.

The following convictions were used to establish defendant's habitual felon status, and were not used for calculating defendant's prior record level: a Class I felony worthless check in excess of $ 2,000 and two Class H felonies for obtaining property by false pretenses. See N.C. Gen. Stat. § 14-7.6 (2017) ("In determining the prior record level, convictions used to establish a person's status as an habitual felon shall not be used.").

We recognize that defendant has raised a legal question regarding the trial court's application of his prior record level with three consolidated judgments. However, in our review of the record, we find no error in the trial court's methodology consolidating the convictions and applying the prior record level calculation to all three judgments. Defendant's prior record points were decided based on the prior convictions presented before the trial court during a single session and his prior record level reflected the most serious offense before consolidation--obtaining property by false pretenses. Thus, the prior record points were adequately supported and applied properly to the consolidated judgments. See N.C. Gen. Stat. § 15A-1340.15(b) (2017).