An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-5

Filed 3 December 2025

Durham County, No. 21CR054184-310

STATE OF NORTH CAROLINA

v.

MEREDITH DELYNN CROMARTIE, JR.

Appeal by Defendant from judgment entered 23 August 2022 by Judge Michael J. O'Foghludha in Durham County Superior Court. Heard in the Court of Appeals 24 September 2025.

>*Attorney General Jeff Jackson, by Special Deputy Attorney General Sarah N. Cibik, for the State.*
>
>*Patterson Harkavy LLP, by Paul E. Smith, for the Defendant.*

WOOD, Judge.

Meredith Delynn Cromartie, Jr. ("Defendant") appeals from a jury verdict finding him guilty of second-degree kidnapping. After failing to enter a timely oral or written notice of appeal, Defendant filed a petition for *writ of certiorari* to this Court. On 19 April 2023, Defendant's petition was granted, thus the matter is now

before us on the merits. Defendant raises three issues on appeal. First, Defendant argues the trial court erred by requiring him to wear a visible ankle restraint throughout trial. Second, Defendant argues he received ineffective assistance of counsel after he appeared at trial in an ankle restraint despite the trial court granting a pre-trial motion to allow Defendant to appear in court without restraints. Third, Defendant argues the trial court erred in admitting evidence of prior incidents of alleged misconduct. For the reasons stated herein, we find Defendant received a fair trial free from error and dismiss his ineffective assistance of counsel argument without prejudice.

## I. Factual and Procedural Background

On 19 August 2021, Defendant's former girlfriend, Cristal Perez ("Perez"), found semi-nude photos taken of another woman atop her bed on a camera that belonged to Defendant. Upset about the photos, Perez packed a bag of clothing, turned her cellphone off so Defendant could not track her location or reach her, and drove to her mother's home in Durham. Through camera footage and witness testimony the evidence tended to show the following chain of events. Perez was parked in the driveway of her mother's home when Defendant pulled up and parked his vehicle in the street blocking the driveway. Defendant got out of his vehicle, ran up behind Perez, who was walking in the opposite direction of him trying to get inside her mother's house, and grabbed her arm. Defendant and Perez engaged in a heated discussion. Defendant repeatedly grabbed at her until he was able to get ahold of her

from behind, pick her up, and carry her toward his vehicle. Perez kicked her feet into the air while Defendant carried her to his vehicle. While still holding onto Perez, Defendant opened the driver's side door of his vehicle and attempted to force her into it while her mother tried to stop him. Perez resisted by placing her feet up on the side of the vehicle but Defendant succeeded in forcing her into his vehicle, then stood in the door to block her exit. Perez testified that Defendant hit her during the struggle and to prevent him from driving away with her, she took the keys out of the ignition and threw them. Further, Perez testified she was not free to leave the vehicle and was "100 percent trapped." Police arrived, and after speaking with Defendant, Perez, Perez's mother, and other witnesses, arrested Defendant for kidnapping.

On 7 September 2021, Defendant was indicted on the charges of second-degree kidnapping and assault on a female. Prior to trial on 29 December 2021, Defendant filed motions requesting, among other things, that pursuant to Rule 403 and 404(b) of the North Carolina Rules of Evidence, the trial court prohibit "the State from mentioning or eliciting from any witness any alleged acts of prior misconduct on the part of the defendant or any reference to the defendant's past criminal record." Additionally, Defendant requested that the trial court,

> direct the Sheriff or his deputies to remove any and all restraints from the defendant while he is in trial or in the alternative to hold the hearing required and to make specific findings of fact on the record as to why this particular defendant is required to be restrained during trial.

- 3 -

The trial court granted Defendant's motion to allow him to wear city clothes and appear without restraints during trial.

On 26 August 2022, a Durham County jury found Defendant guilty of second-degree kidnapping and not guilty of assault on a female. Defendant was found to be a prior felony record level II and sentenced in the aggravated range to 36 to 56 months of imprisonment.

## II.    Analysis

Defendant raises three arguments on appeal. First, Defendant argues the trial court erred by requiring him to appear throughout trial in a visible ankle restraint. Second, Defendant argues he received ineffective assistance of counsel because trial counsel failed to object to the ankle restraint. Third, Defendant argues the trial court erred by admitting evidence of prior incidents of alleged misconduct.

## A. Restraints

Defendant argues the trial court abused its discretion by subjecting him to appear in an ankle restraint in the presence of the jury because there was no special need for him to be restrained. Additionally, Defendant argues N.C. Gen. Stat. § 15A-1031 required the trial court to give him an opportunity to object to the restraint and to instruct the jurors not to consider the restraint when weighing evidence or determining guilt. N.C. Gen. Stat. § 15A-1031 states:

> A trial judge *may order* a defendant or witness subjected to physical restraint in the courtroom when the judge finds the restraint to be reasonably necessary to maintain order,

prevent the defendant's escape, or provide for the safety of persons. If the judge *orders* a defendant or witness restrained, he must:

(1) Enter in the record out of the presence of the jury and in the presence of the person to be restrained and his counsel, if any, the reasons for his action; and

(2) Give the restrained person an opportunity to object; and

(3) Unless the defendant or his attorney objects, instruct the jurors that the restraint is not to be considered in weighing evidence or determining the issue of guilt.

If the restrained person controverts the stated reasons for restraint, the judge must conduct a hearing and make findings of fact.

N.C. Gen. Stat. § 15A-1031 (emphasis added).

In contrast, the State argues N.C. Gen. Stat. § 15A-1031 does not apply to the case at hand because the trial court did not *order* Defendant to be restrained at trial and the issue is not preserved for appellate review because trial counsel did not object to Defendant wearing the ankle restraint. We agree.

Our Supreme Court and this Court have "held that failure to object to shackling waives 'any error which may have been committed.'" *State v. Sellers*, 245 N.C. App. 556, 558, 782 S.E.2d 86, 88 (2016) (quoting *State v. Tolley*, 290 N.C. 349, 371, 226 S.E.2d 353, 370 (1976)). Prior to trial, Defendant filed a motion pursuant to N.C. Gen. Stat. § 15A-1031 requesting the trial court to,

> direct the Sheriff or his deputies to remove any and all restraints from the defendant while he is in trial or in the alternative to hold the hearing required and to make specific findings of fact on the record as to why this

particular defendant is required to be restrained during
trial.

The trial court granted this motion prior to jury selection. However, Defendant appeared in an ankle restraint throughout his trial without any objection from counsel despite the trial court having granted the motion to allow its removal. Thus, we hold Defendant's failure to object waived any error regarding the use of an ankle restraint during trial and failed to preserve the issue for appeal.[1]

## B. Ineffective Assistance of Counsel

Next, Defendant argues he received ineffective assistance of counsel because trial counsel failed to object to his appearance at trial in an ankle restraint. Alternatively, Defendant requests this Court dismiss the claim without prejudice to file a subsequent motion for appropriate relief.

To prevail on a claim for ineffective assistance of counsel Defendant must prove "that his counsel's conduct fell below an objective standard of reasonableness." *State v. Braswell*, 312 N.C. 553, 561-62, 324 S.E.2d 241, 248 (1985). "Only when the cold record reveals that no further investigation is required . . . will an ineffective assistance of counsel claim be decided on the merits on direct appeal." *State v. Edgar*, 242 N.C. App. 624, 632, 777 S.E.2d 766, 771 (2015) (cleaned up) (quoting *State v. Thompson*, 359 N.C. 77, 122-23, 604 S.E.2d 850, 881 (2004)). Here, the record reveals

---

[1] Additionally, Defendant argues "this Court should allow review of whether the shackling violated [Defendant's] constitutional right to due process[,]" although not raised at trial, by invoking Rule 2 to prevent a manifest injustice. We decline to invoke Rule 2 and dismiss this argument.

Defendant's ineffective assistance of counsel claim is better suited for the Superior Court as it can "assess the allegations in light of all the circumstances known to counsel at the time of the representation." *State v. Buckner*, 351 N.C. 401, 412, 527 S.E.2d 307, 314 (2000). We dismiss Defendant's ineffective assistance of counsel claim without prejudice to preserve his right to reassert it through a motion for appropriate relief.

**C. Prior Incidents of Alleged Misconduct**

Last, Defendant argues the trial court erred by admitting prior incidents of alleged misconduct under Rule 404(b). Defendant further argues that even if the evidence was admissible under 404(b), the trial court abused its discretion by failing to exclude it under Rule 403. However, Defendant has failed to make a sufficient argument for any prior incident of alleged misconduct for this Court to meaningfully review. In his opening brief, Defendant discusses both Rule 404(b) and Rule 403 in general but fails to provide an analysis as to why any prior incident of alleged misconduct was actually admitted in error. When an issue on appeal is not supported by reason or argument, it will be taken as abandoned. N.C. R. App. P. 28(b)(6). As no argument is presented in Defendant's brief as to why the trial court erred in admitting any specific prior incident of alleged misconduct pursuant to Rule 404(b) or Rule 403, this issue is deemed abandoned on appeal. *See State v. Robinson*, 292 N.C. App. 355, 358, 897 S.E.2d 545, 549 (2024).

### III.   Conclusion

For the foregoing reasons, we hold Defendant received a fair trial free from error and dismiss Defendant's ineffective assistance of counsel argument without prejudice to his right to file a motion for appropriate relief.

NO ERROR IN PART, DISMISSED WITHOUT PREJUDICE IN PART.

Judges ZACHARY and HAMPSON concur.

Report per Rule 30(e).