An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-618

Filed 6 May 2026

Watauga County, Nos. 24CR000221-940, 24CR000222-940, 24CR000223-940, 24CR000224-940

STATE OF NORTH CAROLINA

v.

BRYAN LEE OSBORNE

Appeal by defendant from judgments entered 10 December 2024 by Judge R. Gregory Horne in Watauga County Superior Court. Heard in the Court of Appeals 27 January 2026.

> *Attorney General Jeff Jackson, by Special Deputy Attorney General David D. Larson, Jr. for the State.*

> *Appellate Defender Glenn Gerding, by Assistant Appellate Defender Jillian C. Franke, for the defendant.*

WOOD, Judge.

Bryan Lee Osborne ("Defendant") appeals from judgments entered upon jury verdicts finding him guilty on two counts of attempted first-degree murder and two counts of assault with a deadly weapon with the intent to kill inflicting serious injury

("AWDWIKISI"). On appeal, Defendant argues both indictments are insufficient to support the charge of attempted first-degree murder because they omit the essential element of malice aforethought. Defendant argues because the indictments were insufficient, the trial court erred by instructing the jury on attempted first-degree murder and then entering judgments on the charge. Additionally, Defendant argues the trial court plainly erred by failing to instruct the jury on attempted voluntary manslaughter *sua sponte*, and alternatively, that he received ineffective assistance of counsel because trial counsel failed to request the instruction on attempted voluntary manslaughter. For the reasons stated herein, we hold Defendant received a fair trial free from prejudicial error and dismiss his ineffective assistance of counsel argument without prejudice to his right to file a motion for appropriate relief.

## I.     Factual and Procedural Background

On 30 May 2024, Defendant and his mother, Nancy Osborne ("Mother") purportedly went fishing and then drove to Triple T Pumping ("Triple T") so Mother could drop off her rent money. Defendant previously had worked at Triple T for three separate periods of time as a pump truck driver but did not work there at this time.

Witness testimony and video evidence tends to show the following events. Once Defendant and Mother arrived at Triple T, Mother got out of Defendant's truck to attempt to pay her rent and then got back into the truck. Defendant backed the truck up and began to turn it around but paused for approximately thirty seconds. During that time, Harold Edward Jones ("Jones"), an employee of Triple T,

approached the truck, became visibly aggravated, threw papers onto the ground, reached into the driver's side window, and attempted to pull the driver's side door open. Defendant claims Jones hit him in the head and knocked his glasses off his face. Jones claims he reached into the truck to grab Defendant's fist when Defendant "drew back to punch outside the truck."

Aiden Watson ("Watson"), Jones' stepson and an employee of Triple T, heard yelling from inside of one of the surrounding buildings and went outside to see what was happening. Watson approached the truck and put an arm around Jones' waist in an attempt to pull him away as Defendant began to drive forward. Defendant again paused the truck after pulling forward a few feet; Jones and Watson proceeded to walk toward the driver's side of the truck. Watson claims to have told Defendant to leave three or four times. After about twenty seconds, Defendant began pulling forward again and made a U-turn. Jones and Watson were standing in the middle of the driveway when Defendant accelerated his truck, hitting them both. Defendant did not stop his truck after he hit Jones and Watson and continued to speedily drive out of the Triple T parking lot. Jones and Watson landed approximately 35 to 41 feet from the point of impact with Defendant's truck. Defendant claims to have believed Jones and Watson would move as he approached them because they told him to leave multiple times.

While driving away, Defendant called 911 and reported that he "ran them boys over" at Triple T. The 911 dispatcher told Defendant to remain in the area but not to

go back to the scene. Jones sustained internal injuries and four broken ribs while Watson sustained a punctured lung, sprained ankle, and mental trauma.

On 29 July 2024, Defendant was indicted on two counts of attempted first-degree murder and two counts of AWDWIKISI. On 30 October 2024, Defendant filed a notice of defenses, self-defense and defense of others. Defendant came on for trial on 2 December 2024.

At the close of the State's evidence, Defendant made a motion to dismiss all four charges for insufficient evidence. Defendant made an additional motion to dismiss the two indictments for attempted first-degree murder on the grounds they were facially insufficient as they only stated Defendant attempted to "kill and murder" Watson and Jones. Defendant further argued the indictments incorrectly stated a common law offense of murder because "when first degree murder is charged, that is a statutory basis, not a common law basis." The trial court denied all motions to dismiss. On 9 December 2024, the jury found Defendant guilty of all charges.

At sentencing, the trial court found Defendant to be a prior record level one and consolidated each attempted first-degree murder charge with its corresponding AWDWIKISI charge into two separate judgments. The trial court sentenced Defendant to 130 to 168 months of imprisonment in the first judgment, and to 130 to 168 months of imprisonment in the second judgment, to be served consecutively. Defendant gave notice of appeal in open court.

## II. Analysis

STATE V. OSBORNE

*Opinion of the Court*

Defendant argues both indictments for attempted first-degree murder were insufficient because they failed to allege an essential element of the crime. Consequently, Defendant further argues that because the indictments were insufficient, the trial court erred by instructing the jury on attempted first-degree murder and entering judgments on the charge. Lastly, Defendant argues the trial court plainly erred by failing to instruct the jury on attempted voluntary manslaughter, and alternatively, Defendant argues he received ineffective assistance of counsel because trial counsel failed to request an instruction on voluntary manslaughter.

## A. Sufficiency of Indictments for Attempted First-Degree Murder

Defendant argues the trial court erred by denying his motion to dismiss the charges of attempted first-degree murder because the indictments failed to allege the essential element of malice aforethought. Specifically, Defendant argues the trial court should have dismissed the charges and allowed the State to proceed on attempted voluntary manslaughter instead. In contrast, the State contends the indictments are sufficient to support the charges of attempted first-degree murder because each states the charged crime in a "plain, intelligible and explicit manner" which gave Defendant notice to prepare a sufficient defense. We agree.

Issues related to alleged indictment defects are automatically preserved for appellate review. *State v. Singleton*, 386 N.C. 183, 210, 900 S.E.2d 802, 821 (2024). This Court reviews the sufficiency of an indictment *de novo*, considering the matter

anew and freely substituting its own judgment for that of the lower court. *State v. Phillips*, __ N.C. __, __, 925 S.E.2d 658, 662 (2026).

The test to determine whether an indictment is valid has become "whether the indictment alleges facts supporting the essential elements of the offense to be charged." *State v. Stewart*, 386 N.C. 237, 241, 900 S.E.2d 652, 656 (2024) (quoting *State v. Newborn*, 384 N.C. 656, 659, 887 S.E.2d 868, 871 (2023)).

> In indictments for murder . . . it is not necessary to allege matter not required to be proved on at trial, but in the body of the indictment . . . it is sufficient in describing murder to allege that the accused person feloniously, willfully, and *of his malice aforethought*, did kill and murder . . . .

N.C. Gen. Stat. § 15-144 (emphasis added). However, our Supreme Court has recently held that a non-jurisdictional pleading deficiency does not cause an indictment to fail when a defendant is unable to demonstrate the defect was prejudicial. *Singleton*, 386 N.C. at 210, 900 S.E.2d at 821; *Stewart*, 386 N.C. at 240, 900 S.E.2d at 655.

> In determining whether an error was prejudicial, the prejudicial error tests provided in section 15A-1443 are applicable. Subsection 15A-1443(a) is the appropriate test for indictment errors that fail to satisfy statutory strictures, and subsection 15A-1443(b) is the appropriate test for indictment errors that fail to satisfy the constitutional purposes of indictments. However, it would appear that the longer a defendant waits to raise issues related to deficient criminal pleadings, the more difficult it would be to establish prejudice.

*Singleton*, 386 N.C. at 211, 900 S.E.2d at 821 (cleaned up). Under N.C. Gen. Stat. § 15A-1443(a), a defendant is prejudiced "when there is a reasonable possibility that,

had the error in question not been committed, a different result would have been reached at the trial court of which the appeal arises." N.C. Gen. Stat. § 15A-1443(a).

In the case *sub judice*, both indictments at issue contain the following identical language: "The jurors for the State upon their oath present that on or about the date(s) of the offense shown and in the county named above the defendant named above unlawfully, willfully, and feloniously did attempt to kill and murder," followed by the victims' names. Additionally, both indictments state the offense as "ATTEMPTED FIRST DEGREE MURDER," a class B2 crime, and the "G.S. No." as "COMMON LAW." As Defendant correctly points out, both indictments contain a non-jurisdictional pleading defect as they omit "malice aforethought," an essential element of attempted first-degree murder. *See Singleton*, 386 N.C. at 209-10, 900 S.E.2d at 820-21. Therefore, we consider whether the indictments' omission of "malice aforethought" is so flawed as to constitute prejudicial error. *Stewart*, 386 N.C. at 240, 900 S.E.2d at 655.

Defendant asserts he was prejudiced because had the trial court sentenced him on two counts of attempted voluntary manslaughter, which he purports is the correct offense charged in the indictments, his sentences would have resulted in shorter terms of imprisonment. However, Defendant's argument does not demonstrate the requisite prejudice because he neither argues nor establishes that "if the indictment had properly alleged the underlying acts . . . the jury would not have convicted him of that charge." *State v. Cornwell*, 299 N.C. App. 453, 461, 918 S.E.2d 903, 910 (2025).

Defendant has failed to establish that had the indictments contained the missing element of malice aforethought there would have been a reasonable possibility he would not have been convicted of attempted first-degree murder; therefore, we conclude Defendant is not entitled to relief based on the indictment defects.

Additionally, we note it cannot be reasonably said that the indictments deprived Defendant of notice such that he could not prepare a defense for the charge of attempted first-degree murder. *Singleton*, 386 N.C. at 213, 900 S.E.2d at 823. For the following reasons, the element of malice aforethought is clearly inferable from the language of the indictment "such that a person of common understanding might know what was intended." *State v. Stewart*, 386 N.C. at 242, 900 S.E.2d at 656. First, the indictments explicitly state Defendant is charged with the offense of "ATTEMPTED FIRST DEGREE MURDER," a class B2 crime. Second, both indictments contain the language "attempt to kill and *murder*," which is the appropriate language for an indictment charging murder, not manslaughter. N.C. Gen. Stat. § 15-144; *State v. Tart*, 372 N.C. 73, 78-79, 824 S.E.2d 837, 840-41 (2019). Third, B2 is the proper felony class for a charge of attempted *first-degree* murder but not for the charge of attempted voluntary manslaughter. *State v. Jones*, 280 N.C. App. 241, 263, 866 S.E.2d 509, 525 (2021); N.C. Gen. Stat. § 14-17; N.C. Gen. Stat. § 14-2.5. Fourth, over a month prior to trial, Defendant in his notice of self-defense and defense of others stated he was charged with "two counts of the *Attempted First-Degree Murder*." Lastly, Defendant did not raise the indictment issue until the fourth day of trial.

As we concluded the trial court did not err by denying Defendant's motion to dismiss for insufficient indictments, we can further conclude the trial court did not err by instructing the jury on the charges of attempted first-degree murder, failing to instruct the jury on attempted voluntary manslaughter instead of attempted first-degree murder, and by entering judgments on the charges of attempted first-degree murder.

**B. Additional Jury Instruction for Attempted Voluntary Manslaughter**

Alternatively, Defendant argues the trial court erred by not instructing the jury on attempted voluntary manslaughter *sua sponte* in addition to the instruction on attempted first-degree murder because whether Defendant intended to harm or kill Jones and Watson was the "chief question to be answered by the jury."

Defendant concedes this issue was not properly preserved for appellate review as he did not "object to the trial court's instructions or request an instruction on lesser-included offenses, [therefore] we must review this assignment under the plain error standard." *State v. Guin*, 282 N.C. App. 160, 165, 870 S.E.2d 285, 290 (2022) (quoting *State v. Collins*, 334 N.C. 54, 62, 431 S.E.2d 188, 193 (1993)). To be successful on a plain error review:

> First, the defendant must show that a fundamental error occurred at trial. Second, the defendant must show that the error had a probable impact on the outcome, meaning that absent the error, the jury probably would have returned a different verdict. Finally, the defendant must show that the error is an exceptional case that warrants plain error review, typically by showing that the error

seriously affects the fairness, integrity or public reputation
of judicial proceedings.

*State v. Gillard*, 386 N.C. 797, 820, 909 S.E.2d 226, 250-51 (2024) (quoting *State v. Reber*, 386 N.C. 153, 158, 900 S.E.2d 781, 786 (2024) (cleaned up)). "[T]he plain error standard requires a determination that the jury *probably would have* returned a different result[,]" to meet the second prong. *Reber*, 386 N.C. at 160, 900 S.E.2d at 787 (quoting *State v. Towe*, 366 N.C. 56, 57, 732 S.E.2d 564, 564-65 (2012)). A defendant must offer support for each prong of the plain error analysis, including reason or argument for why this case "is an exceptional case or why this case will seriously affect the fairness, integrity, or public reputation of judicial proceedings." *State v. Patterson*, 269 N.C. App. 640, 645, 839 S.E.2d 68, 72 (2020). Because Defendant fails to make an argument for why this case is an exceptional one, "we cannot impart any meaningful review for plain error." *Id.*

However, even if Defendant had provided an exceptional case argument, we can conclude the trial court did not err, let alone plainly err by not providing the instruction for attempted voluntary manslaughter. When a lesser included offense instruction is *requested*, "[a] judge presiding over a jury trial *must instruct* the jury as to a lesser included offense of the crime charged where there is evidence from which the jury could reasonably conclude that the defendant committed the lesser included offense." *State v. Brichikov*, 281 N.C. App. 408, 416, 869 S.E.2d 339, 345 (2022) (quoting *State v. McConnaughey*, 66 N.C. App. 92, 95, 311 S.E.2d 26, 28

(1984)). Here, trial counsel explicitly stated he was *not requesting* any lesser included offense instructions. As the trial court would have only been required to provide the instruction *if requested and* there was evidence from which the jury could have reasonably concluded Defendant committed the lesser included offense, we conclude the trial court did not err by not instructing the jury on attempted voluntary manslaughter *sua sponte*.

## C. Ineffective Assistance of Counsel

For his final argument, Defendant contends his trial counsel was deficient because they failed to request the trial court instruct the jury on attempted voluntary manslaughter in addition to attempted first-degree murder when the record shows trial counsel was aware the indictment was missing the element of malice aforethought.

To prevail on a claim for ineffective assistance of counsel Defendant must prove "that his counsel's conduct fell below an objective standard of reasonableness." *State v. Braswell*, 312 N.C. 553, 561-62, 324 S.E.2d 241, 248 (1985). "Only when the cold record reveals that no further investigation is required . . . will an ineffective assistance of counsel claim be decided on the merits on direct appeal." *State v. Edgar*, 242 N.C. App. 624, 632, 777 S.E.2d 766, 771 (2015) (cleaned up). Here, the record reveals Defendant's ineffective assistance of counsel claim is better suited for review during a motion for appropriate relief proceeding where the trial court can "assess the allegations in light of all the circumstances known to counsel at the time of the

representation." *State v. Buckner*, 351 N.C. 401, 412, 527 S.E.2d 307, 314 (2000). Accordingly, we dismiss Defendant's ineffective assistance of counsel claim without prejudice to preserve his right to reassert it through a motion for appropriate relief.

## III.    Conclusion

For the reasons stated herein, we conclude the deficiencies in the attempted first-degree murder indictments did not constitute prejudicial error and, therefore, the trial court did not err by failing to instruct the jury on voluntary manslaughter nor in entering judgments for attempted first-degree murder.   We dismiss Defendant's ineffective assistance of counsel argument without prejudice to his right to reassert it in a subsequent motion for appropriate relief before the trial court.

NO PREJUDICIAL ERROR IN PART; NO PLAIN ERROR IN PART; DISMISSED WITHOUT PREJUDICE IN PART.

Judges ZACHARY and ARROWOOD concur.

Report per Rule 30(e).